UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John E. Hammond, #122180, | ) | C/A No. 3:07-00654-SB-JRM |
| *aka John Edward Hammond*, | ) | |
| | ) | |
| Plaintiff, | ) | REPORT |
| | ) | AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| SCDC Cap. Dean; | ) | |
| Donna Mitchell; | ) | |
| Sgt. Kelly; and | ) | |
| Robert Johnson, | ) | |
| | ) | |
| Defendant(s). | ) | |

_____

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is incarcerated at Perry Correctional Institution, a facility of the South Carolina Department of Corrections, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  This complaint names Captain Dean, Donna Mitchell, Sergeant Kelly and Robert Johnson as defendants.[2]  Plaintiff alleges that on March 2, 2006, while he was placed on lock-up, his personal belongings that he left in his cell in Chesterfield were stolen. Plaintiff claims that replacement items that he has received are not full compensation for his loss.  Plaintiff seeks monetary damages and requests replacement of his missing items.

_____

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.  Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

<u>*Pro Se* and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could

2

prevail, it should do so.  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Discussion</u>

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."  However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property.  *Daniels v. Williams*, 474 U.S. 327 (1986).  Plaintiff states that defendants Dean and Kelly agreed to inventory and pack his personal property, but failed to do so.  (Compl. at 3.)  Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983.  *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517 (1984).  In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization.  *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*).  Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements."  *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).  Plaintiff, therefore, has failed to present a cognizable claim to this Court.[3]

---

[3]    A civil action for negligence would be cognizable in this court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied.  *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table].

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319; *Haines v. Kerner*, 404 U.S. at 519; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(i); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

May 4, 2007
Columbia, South Carolina

**Plaintiff's attention is directed to the notice on the following page.**

---

However, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). As Plaintiff's claim fails to meet this requirement, he cannot bring this claim under § 1332.

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).