IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 OCT -9  A 11: 24

| | |
|---|---|
| John E. Hammond, #122180, ) <br> a/k/a John Edward Hammond, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> SCDC Cap. Dean; ) <br> Donna Mitchell; ) <br> Sgt. Kelly; and ) <br> Robert Johnson, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 3:07-654-SB <br><br> **ORDER** |

This matter is before the Court upon the *pro se* Plaintiff's complaint, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation of a United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d). In the R&R, filed on May 4, 2007, the Magistrate Judge recommends that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process. On May 15, 2007, the Plaintiff filed written objections to the R&R, as well as a motion for court-appointed counsel and a request for production of documents and other related materials. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to an R&R within ten days after being served with a copy of that report).



## BACKGROUND

The Plaintiff is incarcerated at the Perry Correctional Institution, a facility in the South Carolina Department of Corrections. The Plaintiff's § 1983 complaint names Captain Dean, Donna Mitchell, Sergeant Kelly, and Robert Johnson as Defendants. The

Plaintiff alleges that on March 2, 2006, while he was placed on lock-up, his personal belongings that he left in his cell in Chesterfield were stolen. The Plaintiff further contends that the replacement items he received do not fully compensate his loss. The Plaintiff asks the Court to help him get his personal property back, and he asks for money to compensate him for items that cannot be replaced.

## STANDARD OF REVIEW

This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the entire record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of the law. Accordingly, the Court adopts the R&R.

## DISCUSSION



As the Magistrate Judge noted, the Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV, § 1. However, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing the unintended loss of or injury to life, liberty, or property." Daniels v. Wilson, 474 U.S. 327, 328 (1986) (emphasis in original). Moreover, an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-

deprivation remedy for loss is available. See Hudson v. Palmer, 468 U.S. 517 (1984). Thus, deprivations of property, including negligent and unauthorized intentional deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. Accordingly, the Magistrate Judge recommended that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process.

In his somewhat incomprehensible objections to the R&R, the Plaintiff cites portions of the South Carolina Department of Corrections Operations Manual, presumably in support of his claim that the Defendants violated the manual and deprived "him of life, liberty, or property by showing negligent [sic] of not inventorying plaintiff [sic] property . . ." (Pl.'s Obj. at 4.) Ultimately, however, the fact remains that the Plaintiff's claim that the Defendants acted negligently in depriving him of his personal property is not cognizable under 42 U.S.C. § 1983.[1]

Moreover, a meaningful post-deprivation remedy exists because prisoners in South Carolina may bring an action for recovery of personal property against officials who deprive them of property without state authorization. Specifically, under South Carolina law, the Plaintiff's claims may be cognizable under the South Carolina Tort Claims Act ("SCTCA"). Section 15-78-30 of the SCTCA and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Under the SCTA, a claimant is required to file an administrative claim with

---

[1] As the Magistrate Judge pointed out, although a civil action for negligence would be cognizable if this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, it appears that the requirements for diversity jurisdiction are not met in this case.

3

the agency, department, or the State Budget and Control Board before seeking judicial relief in a Court of Common Pleas. See S.C. Code Ann. § 15-78-80. South Carolina case law requires that claimants under the SCTCA strictly comply with its requirements and timely pursue their claims before the applicable limitations period expires.

In sum, then, the Court finds the Plaintiff's objections without merit and agrees with the Magistrate Judge that the Plaintiff has failed to set forth a cognizable claim. In addition, the Court finds that the Plaintiff is not entitled to court-appointed counsel, as it is well settled that there is no right to the appointment of counsel in an action brought pursuant to 42 U.S.C. § 1983." Joe v. Funderburk, 2006 WL 2707011, *4 (D.S.C. Sept. 18, 2006) (citing Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975)). And although the courts have the authority to appoint counsel for indigent defendants in civil cases, see 28 U.S.C. § 1915(e), courts should only exercise this authority in "exceptional circumstances," which the Court does not find present here. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Lastly, the Court denies as unnecessary the Plaintiff's "request for production of documents and other related materials."

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R is adopted, and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

October 9, 2007
Charleston, South Carolina